Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EDGARDO L. PÉREZ Y OTROS<br><br>RECURRIDOS<br><br>V.<br><br>ALEJANDRO BRITO Y OTROS<br><br>PETICIONARIOS | KLCE202401355 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sala: 506<br><br>Caso Núm.: BY2020CV01943<br><br>Sobre:<br><br>Cobro de Dinero e Incumplimiento de Contrato |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Candelaria Rosa y la jueza Martínez Cordero

Brignoni Mártir, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparece ante nos, Alejandro Brito y Brito Development (en adelante, "la parte peticionaria"). La referida parte solicita nuestra intervención para que dejemos sin efecto la determinación emitida el 28 de octubre de 2024 y notificada el 29 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, dicho tribunal declaró *No Ha Lugar* la "*Moción In Limine*," presentada por la parte peticionaria. Consecuentemente ordenó la continuación de los procedimientos. A su vez, le concedió a la parte peticionaria, so pena de sanciones, un término de treinta (30) días para que le entregara a la parte recurrida la documentación que dicha parte había solicitado. Todo, dentro de un pleito sobre cobro de dinero e incumplimiento de contrato, instado por Edgardo L. Pérez; Margamarie Miranda de Jesús y la Sociedad Legal de Bienes Gananciales compuesta por ambos, (en lo sucesivo, "la parte recurrida").

Número Identificador

RES2024 _____

**I.**

El 26 de junio de 2020 la parte recurrida instó demanda por incumplimiento de contrato y cobro de costas y honorarios de abogado en contra de la parte peticionaria. Ello, a los fines de que la parte peticionaria cumpliera con una alegada obligación solidaria por la suma de $236,040.00. En reacción, el 10 de septiembre de 2020, la parte peticionaria, presentó una "*Contestación a la Demanda y Reconvención.*" En síntesis, negó los planteamientos de cobro de dinero de la parte recurrida.

Luego de varios trámites procesales que no son necesarios pormenorizar, el 12 de diciembre de 2022, el foro recurrido celebró una vista de conferencia con antelación al juicio. En dicha vista, las partes expusieron objeciones en cuanto al descubrimiento de prueba. Ante ello, surge de la "*Minuta*" notificada el 20 de diciembre de 2023 que el foro recurrido les concedió a las partes un término de veinte (20) días para presentar sus argumentos por escrito. Así pues, el 4 de enero de 2024, la parte peticionaria presentó una "*Moción In Limine.*" Mediante esta, expuso que existía una prueba que el tribunal no debía considerar al momento de emitir una determinación, dado que alegadamente no fue anunciada dentro del periodo del descubrimiento de prueba. En oposición, el 26 de enero de 2024, la parte recurrida presentó una "*Oposición a Moción In Limine.*" En esencia, aseveró que la petición de la parte peticionaria era improcedente y tardía.

En atención a los planteamientos de las partes, el 29 de octubre de 2024, el foro recurrido notificó la "*Resolución y Orden*" que hoy nos ocupa. Mediante esta, entre otras cosas, declaró *No Ha Lugar* la "*Moción In Limine,*" presentada por la parte peticionaria. Consecuentemente ordenó la continuación de los procedimientos. A su vez, le concedió a la parte peticionaria, so pena de sanciones, un término de treinta (30) días para que le entregara a la parte recurrida la documentación que dicha parte había solicitado. Inconforme, oportunamente el 13 de noviembre de

2024, la parte peticionaria presentó una "*Reconsideración y Solicitud de Determinación sobre el Descubrimiento de Prueba.*" La referida solicitud fue declarada *No Ha Lugar* el 25 de noviembre de 2024 por el foro recurrido. Posteriormente, el referido foro calendarizó una "*vista transaccional*" para la fecha de 16 de diciembre de 2024.

Inconforme, el 16 de diciembre de 2024, la parte peticionaria presentó ante nos el recurso de epígrafe. Mediante este esbozó los siguientes señalamientos de error:

> Erró y abuso de su discreción el Tribunal de Primera Instancia al ordenar la producción de documentos en contravención a la letra de la Regla 34 de Procedimiento Civil.

> Erró y abuso de su discreción el Tribunal de Primera Instancia al permitir prueba que no fue anunciada durante el descubrimiento de prueba.

> Erró y abuso de su discreción el Tribunal de Primera Instancia al no permitir, en la alternativa, que los recurrentes realicen descubrimiento sobre la prueba no anunciada.

En la misma fecha, y al amparo de que los procedimientos del tribunal de instancia no se paralizan por la presentación de un recurso discrecional, el foro recurrido celebró la "*vista transaccional.*" A través de esta, el referido foro reiteró, so pena de sanciones, que la parte peticionaria debía producir la documentación requerida por la parte recurrida. En esta ocasión, el foro recurrido le concedió a la parte peticionaria un plazo a vencer el 17 de diciembre de 2024 para cumplir con lo solicitado.

A las 2:23pm del 17 de diciembre de 2024, la parte peticionaria presentó ante nuestra consideración una "*Moción en Auxilio de Jurisdicción,*" a los fines de solicitar que se paralizaran los procedimientos que se están llevando a cabo ante el foro recurrido, y para peticionar que dejemos sin efecto la advertencia de sanciones esbozadas por el referido foro.

**II**.

**A.    Recurso de *Certiorari*:**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión

de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

### III.

En esencia, la parte peticionaria argumenta que el foro recurrido incidió y abuso de su discreción al ordenar la producción de documentos y permitir la presentación de prueba que no fue anunciada durante el descubrimiento de prueba del caso. A su vez, plantea que erró el referido tribunal al autorizar el remedio alternativo de descubrir la prueba no anunciada.

Luego de evaluar la totalidad del expediente ante nos, concluimos que este no cumple con las exigencias de la Regla 52.1, *supra*. Los planteamientos expuestos por la parte peticionaria van dirigidos al manejo de caso del foro recurrido, el cual a la luz de las circunstancias está dentro de las facultades del referido foro.

Es sabido que el descubrimiento de prueba es amplio y liberal. Por lo cual, solo está limitado por dos aspectos: (1) que lo que se pretenda

descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia. *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 491 (2019); *E.L.A. v. Casta*, 162 DPR 1, 9 (2004). Ante ello, se puede descubrir todo asunto relacionado con la materia objeto de litigio, siempre y cuando exista una posibilidad razonable de relación con el asunto en controversia. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333-334 (2001).

A su vez, los tribunales "tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 203-204. Asimismo, ha expresado el Tribunal Supremo que los foros de primera instancia poseen "poder inherente para vindicar la majestad de la ley y para hacer efectiva su jurisdicción, pronunciamientos y órdenes". *In re-Collazo I*, 159 DPR 141, 150 (2003). "El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *Íd.*

A tenor de la referida discreción que le asiste al foro recurrido en la regulación del descubrimiento de prueba y manejo de caso, concluimos que no coexisten los criterios de la Regla 52.1 *supra*, necesarios para intervenir en los méritos de las controversias planteadas.

**IV.**

Por los fundamentos expuestos, *denegamo*s el recurso presentado y la "*Moción en Auxilio de Jurisdicción.*"

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones