ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LCDO. JOSEPH M. LÓPEZ BENABE, et als.<br><br>Parte Recurrida<br><br>V.<br><br>MUNICIPIO DE LUQUILLO, et als.<br><br>Parte Peticionaria | KLCE20250400 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. NSCI201600028<br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la juez Brignoni Mártir, el Juez Ronda del Toro y la jueza Álvarez Esnard

Brignoni Mártir, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de mayo de 2025.

Comparece ante nos, el Municipio de Luquillo. A los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Orden*" emitida el 29 de enero de 2025 y notificada el 30 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Mediante la referida "*Orden*" el foro primario declaró *No ha Lugar* la "*Posición del Municipio de Luquillo, en torno a Comparecencia de Testigo.*" En consecuencia, permitió la presentación en juicio del testigo anunciado por el señor Joseph M. López Bernabé, "el señor López" y la señora Dinorah I. Sánchez Rivera "la señora Sánchez," (en adelante, en conjunto, "la parte recurrida").

Por los fundamentos que expondremos a continuación, *denegamos* la *expedición* del presente auto de *certiorari*.

### I.

A continuación, se exponen los hechos relevantes a la presente cuestión litigiosa.

Número Identificador
SEN2025_____

El 20 de enero de 2016, la parte recurrida y la señora Jennie M. Erazo Rosario,[1] por sí y en representación de la Sociedad Legal de Bienes Gananciales, compuesta por ella y su esposo Ángel Figueroa Montezuma, presentaron la "*Demanda*" de epígrafe. En lo atinente a la parte recurrida, su reclamación se circunscribe a una acción en daños y perjuicios en contra del Municipio de Luquillo y sus funcionarios, por los alegados actos de represalias, discrimen por ideas políticas y hostigamiento laboral que el referido municipio y sus funcionarios promovieron en su contra. Ante tales actos, alegaron que fueron despedidos ilegalmente de sus respectivos puestos de carrera. Como remedio en daños, solicitaron que se declarara la ilegalidad de los aducidos actos; el pago de daños compensatorios y punitivos; el cese de la alegada persecución política; la reinstalación al empleo; y el pago de costas, intereses y honorarios de abogado.

En reacción, el 14 de junio de 2017, el Municipio de Luquillo y sus funcionarios, presentaron "*Contestación a la Demanda*." En esencia, negaron las alegaciones principales de la "*Demanda*" y sostuvieron la improcedencia de los remedios solicitados. En particular, argumentaron que el despido del señor López gozaba de legalidad por ésta haber abandonado su empleo. A su vez, aseveraron que la señora Sánchez no fue despida constructivamente, sino que renunció libre y voluntariamente a su puesto laboral. A tenor de tal alegación responsiva, peticionaron que se declarar *No Ha Lugar* la "*Demanda*."

Luego de varios trámites procesales que no son pertinentes a la cuestión ante nuestra consideración, el 8 de enero de 2024, el foro primario emitió una "*Orden.*" Mediante está, calendarizó la culminación del descubrimiento de prueba para el día 28 de junio de 2024.[2] Además, señaló el día 9 de agosto de 2024 para la celebración de la Conferencia con Antelación al Juicio.

---

[1] Cabe señalar, que la causa de acción de la señora Jennie M. Erazo Rosario fue desestimada el 31 de mayo de 2022, por esta Curia, en el caso KLCE202200324.

[2] El 24 de junio de 2024, el Municipio Luquillo, mediante "Moción Informativa del Municipio de Luquillo, en torno a Deposiciones." Mediante esta, peticionó que el descubrimiento de prueba fuera extendido "un poco más allá del 30 de junio de 2024."

Tras varias trabas en el desarrollo del descubrimiento de prueba y solicitudes de la parte recurrida a los fines de que el foro primario ordenara al Municipio de Luquillo la entrega de prueba documental, el 24 de octubre de 2024, las partes presentaron de forma conjunta el "*Informe Preliminar entre Abogados.*" En lo atinente al proceso probatorio del caso, surge de dicho informe que la parte recurrida anunció que presentaría en juicio el testimonio de un exalcalde del Municipio de Luquillo.[3] También se desprende de este informe, que el Municipio de Luquillo objetó la referida presentación. Fundamentó dicha objeción bajo el argumento de que el aludido testimonio no había sido anunciado en las contestaciones a interrogatorio, entregadas por la parte recurrida en fecha de 30 de septiembre de 2020.[4] A su vez, se desprende del referido informe que quedaba prueba documental por descubrir. Sobre el particular las partes expresaron lo siguiente: "Las partes acordaron que el Municipio continuará con la revisión de expedientes para los años 2015 en adelante y la producirá en o antes de los próximos 30 días."[5]

La Conferencia con Antelación a Juicio fue celebrada el 29 de octubre de 2024. En la referida conferencia, las partes disputaron la procedencia de la comparecencia a juicio del testimonio del exalcalde. El foro primario ordenó a las partes a exponer por escrito sus respectivas posiciones.

En cumplimiento de lo ordenado, el 11 de diciembre de 2024, la parte recurrida presentó "*Moción sobre Comparecencia de Testigo.*" Mediante esta, argumentó que procedía presentar el testimonio del exalcalde a tenor de las disposiciones sobre pertinencia y conocimiento personal, según recogidas en nuestro ordenamiento evidenciario. Sobre el particular, adujo que dicho testimonio era relevante para establecer la ejecutoria laboral del señor López.

También en cumplimiento de lo requerido, el 22 de enero de 2025, el Municipio de Luquillo presentó "*Posición del Municipio de Luquillo, en*

---

[3] Véase, pág. 156 del Apéndice presentado por el Municipio de Luquillo.
[4] Véase, pág. 158 del Apéndice presentado por el Municipio de Luquillo.
[5] *Id.*

*torno a Comparecencia de Testigo.*" Mediante esta, reiteró la objeción que había levantado sobre la improcedencia de presentar en juicio al testimonio del aludido exalcalde. Sostuvo que el anuncio del testimonio era uno sorpresivo y tardío, puesto que ya había concluido el descubrimiento de prueba del caso. Además, aseveró que la presentación del testigo le colocaba en un estado de indefensión debido a que no había tenido oportunidad de interrogarlo, deponerlo o de presentar alguna otra prueba que pudiera impugnar la versión de sus hechos.

Así las cosas, el 30 de enero de 2025, el foro primario notificó la "*Orden*" que hoy nos ocupa. Mediante esta, permitió la comparecencia en juicio del testigo anunciado por la parte recurrida. Además, les requirió a las partes que se reunieran para coordinar la toma de deposición del referido testigo o para acordar algún otro mecanismo de descubrimiento de prueba.

Tras la parte recurrida peticionar al tribunal su intervención en el proceso de la entrega de prueba documental por parte del Municipio de Luquillo, en la misma fecha de 30 de enero de 2025, el foro primario emitió otra "*Orden.*" A través de esta, le concedió al Municipio de Luquillo un término de veinte (20) días **para culminar el descubrimiento de prueba solicitado.**[6]

En desacuerdo, el 14 de febrero de 2025, el Municipio de Luquillo presentó de forma oportuna una "*Solicitud de Reconsideración, de Orden del 29 de enero de 2025 Autorizando Comparecencia de Testigo Anunciado Tardíamente.*" El referido petitorio fue declarado *No Ha Lugar* por el foro primario con fecha de notificación del 14 de marzo de 2025.

Nuevamente en desacuerdo, el 14 de abril de 2025, el Municipio de Luquillo compareció ante nos a través de un recurso de *certiorari*. Mediante este esbozó los siguientes señalamientos de error:

---

[6] Cabe destacar, que el 19 de febrero de 2025, la parte recurrida presentó "*Moción de Sentencia Sumaria.*" La referida petición fue declarada *No Ha Lugar* por el foro primario bajo el fundamento de que incumplió con la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1. Dicha determinación del foro primario se encuentra bajo la revisión de este Tribunal en el caso **KLCE202500342**, instado por la parte recurrida.

> Erró el TPI y abusó de su discreción cuando autorizó la presentación de un testigo anunciado <u>cuatro (4) años después</u> de haberse notificado la prueba testifical de la parte demandante.
>
> Erró el TPI y abusó de su discreción cuando permitió que los demandantes presentaran un testigo anunciado a destiempo, sin que tan siquiera hubiesen mostrado causa para justificar su notificación tardía.
>
> Erró el TPI y abusó de su discreción cuando permitió que los demandantes presentaran un testigo anunciado, por primera vez, de cara al juicio, colocando al Municipio de Luquillo en estado de indefensión.

**II.**

**A.      Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Id.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al*

*v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una

conclusión justiciera". *Id; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *Id.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.      Descubrimiento de Prueba**:

El descubrimiento de prueba es un mecanismo procesal que facilita la consecución de evidencia y la búsqueda de la verdad, a la vez que evita sorpresas en el juicio y perpetúa la prueba, pues su finalidad es precisar las cuestiones en controversia. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). La Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 23.1(a), rige el descubrimiento de prueba al establecer que "[l]as partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente." Por consiguiente, el proceso de descubrimiento de prueba es uno amplio y liberal. *Izquierdo II v. Cruz y otros*, 213 DPR 607, 616 (2024). Solo está limitado por dos aspectos: (1) que lo que se pretenda descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia. *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 491 (2019); *E.L.A. v. Casta*, 162 DPR 1, 9 (2004).

La pertinencia del descubrimiento de prueba admite la revelación de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del litigio, aunque no estén relacionados con las controversias específicas que han sido esbozadas en las alegaciones. *García Rivera et al v. Enríquez Marín*, supra, en las págs. 333-34. Basta con que exista una posibilidad razonable de relación con el asunto en controversia. *Id.* Lo que significa que se permite descubrir prueba que en

etapa de juicio sería inadmisible. *Id*. Por esa razón, el Tribunal Supremo ha resuelto que "[c]ualquier duda en cuanto a la pertinencia, debe resolverse a favor de ésta. Existe una presunción favorable al descubrimiento de prueba". *S.L.G. Valencia v. García* García, 187 DPR 283, 330 (2012) (*citando a* J.A. Cuevas Segarra, *Tratado de derecho procesal* civil, 2da ed., San Juan, Pubs. J.T.S., 2011, T. III, pág. 840).

El descubrimiento ocurre de manera extrajudicial y depende de la cooperación entre las partes. *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 167 (2001). Sin embargo, los tribunales "**tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes**". (Énfasis suplido). *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 203-204 (*citando a Cruz Flores et al v. Hospital Ryder et al,* 210 DPR 465 (2022)).

Nuestro Tribunal Supremo ha dejado claro que, "[a]l momento de ejercer su discreción de extender o acortar el término para efectuar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos (2) intereses importantes para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial." *Torres González v. Zaragoza Meléndez,* supra, pág. 846. (*citando a Machado Maldonado v. Barranco Colón*, 119 DPR 563, 565-566 (1987), y *a Lluch v. España Service Sta*., 117 DPR 729, 742-743 (1986)). Primeramente, el foro "deberá garantizar la pronta solución de las controversias, y por otra deberá velar que las partes tengan la oportunidad de realizar un amplio descubrimiento para que en la vista en su fondo no surjan sorpresas". *Id.*

**III.**

El Municipio de Luquillo recurre de la denegatoria a su escrito intitulado "*Posición del Municipio de Luquillo, en torno a Comparecencia de Testigo.*" Mediante este, objetó la comparecencia a Juicio de un testigo que la parte recurrida anunció por primera vez en el *Informe Preliminar entre Abogados.*" Argumenta en su favor, que la referida prueba

testimonial fue anunciada tardíamente. Entiende, que el descubrimiento de prueba ha culminado. Además, sostiene que la presentación de dicho testigo le coloca en un estado de indefensión, dado que no ha tenido la oportunidad de interrogarlo, deponerlo o de descubrir alguna otra prueba que le ayude a impugnarlo.

Es conocido que los jueces del Tribunal de Primera Instancia tienen gran flexibilidad y discreción para el manejo de sus casos. *BPPR v. SLG Gómez-López*, supra, pág. 333-334. A su vez, están facultados de autoridad discrecional para regular el descubrimiento de prueba de los pleitos. Por consiguiente, tienen la facultad de extender o reducir el término del proceso de descubrimiento de prueba. En vista de ello, los foros apelativos concedemos deferencia al trámite ordinario de los casos que se dilucidan ante el foro primario, puesto dicho tribunal está mejor posición para trazar el curso del caso hasta su resolución final. Véase, *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012).

Así pues, al examinar los criterios de la Regla 40 de nuestro Reglamento, *supra*, determinamos que el presente recurso no reúne los requisitos necesarios para su expedición. La "*Orden*" recurrida no exhibe vicios de prejuicio, parcialidad o error de derecho. Además, su adjudicación cumple con los criterios de la sana discreción que le asiste al foro primario.

### IV.

En virtud de lo expuesto, *denegamos* la *expedición* del presente auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
