Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JOSÉ M. MALDONADO HERNÁNDEZ Y TERESA GARCÍA CENTENO<br><br>Apelante<br><br>v.<br><br>ÁNGEL MELÉNDEZ GUZMÁN Y OTROS<br><br>Apelado | KLAN202500040 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: VB2018CV00709<br><br>Sobre: Deslinde, amojonamiento y daños y perjuicios |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Comparece José M. Maldonado Hernández (en adelante, señor Maldonado Hernández) y la Sucesión de Teresa García Centeno (en conjunto, parte apelante) mediante un recurso de *Apelación,* para solicitarnos la revisión de la *Sentencia Parcial,* emitida el 16 de diciembre de 2024, y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, tribunal de instancia y/o foro primario).[1] Mediante la *Sentencia Parcial* apelada, el foro primario declaró *Ha Lugar* una solicitud de sentencia sumaria instada por el señor Ángel Osvaldo Meléndez Guzmán (en adelante, señor Meléndez Guzmán) y su esposa, la señora Carmen Lourdes Rivera Martínez (en adelante, señora Rivera Martínez) (en conjunto, matrimonio Meléndez-Rivera o parte apelada) y, en consecuencia, desestimó la acción contra dicha parte, con perjuicio. Sobre el referido dictamen se presentó

---

[1] Apéndice del recurso, a las págs. 96-103.

Número Identificador

SEN2025_____

una solicitud de reconsideración, la cual fue declarada *No Ha Lugar* el 8 de enero de 2025.[2]

Por los fundamentos que expondremos, se *confirma* la *Sentencia Parcial* apelada.

I

De entrada, puntualizamos que la parte apelante omitió incluir en el apéndice del recurso una multiplicidad de documentos necesarios para disponer de este caso. Entre ellos, la solicitud de sentencia sumaria que nos ocupa, la cual, en este tipo de recurso, estamos obligados a revisar *de novo*.

Sabido es que, en virtud de la Regla 16 (E) (2) del Reglamento de este Tribunal de Apelaciones, el omitir los documentos que debe contener el apéndice puede dar lugar a la desestimación del recurso.[3] Ahora bien, en aras de uno de los principios cardinales de nuestro ordenamiento jurídico, el cual establece que los casos deben ventilarse en sus méritos, nos dispusimos a realizar un minucioso estudio de los autos del caso título, disponibles en el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC). Establecido lo anterior, procederemos a relatar los trámites procesales relevantes para disponer del presente recurso.

La acción del título comenzó, el 12 de diciembre de 2018, cuando el señor Maldonado Hernández y su finada esposa, la señora Teresa García Centeno presentaron una *Demanda* sobre deslinde, amojonamiento y daños y perjuicios, contra: (i) el matrimonio Meléndez-Rivera; (ii) Indira Medina Córdova (señora Medina Córdova), su esposo y la Sociedad Legal de Gananciales compuesta por ambos, y (iii) Jahdai Energy Solutions LLC (Jahdai Energy).[4] En

---

[2] Apéndice del recurso, a la pág. 118.
[3] 4 LPRA Ap. XXII-B, R. 16 (E) (2).
[4] Apéndice del recurso, a las págs. 19-21. Véase, además, SUMAC, a la Entrada 1. Cabe resaltar que durante el transcurso del presente caso la esposa del señor Maldonado Hernández falleció. En consecuencia, se presentó una solicitud para sustituirla por su sucesión, lo cual fue permitido por el tribunal de instancia. Véase SUMAC, a las Entradas 171-172.

el pliego, expresaron ser dueños de una propiedad ubicada en el barrio Pugnado Adentro de Vega Baja. Alegaron que los codemandados construyeron estructuras en solares contiguos a su propiedad y que, cuando erigieron las mismas, presuntamente, contrataron para hacer un corte y remover terreno de la colina sobre la cual está construida su propiedad. Plantearon que la referida remoción de terreno afectó la integridad estructural de su inmueble. Por otra parte, indicaron que, en consecuencia, de lo anterior, realizaron acercamiento a los codemandados para la creación de un muro de contención, y que, específicamente, la parte apelada le manifestó verbalmente que lo haría, sin embargo, a la fecha, no lo había hecho. Adujeron que los actos de los codemandados le han generado daños a su propiedad y a su valor, los cuales estimó en $50,000.00 dólares.

En respuesta, el 30 de abril de 2019, la señora Medina Córdova y su esposo presentaron su *Contestación a la Demanda.*[5] En suma, arguyeron que no existía un nexo causal entre sus actos y los daños alegados por la parte apelante. Por su parte, el 30 de mayo de 2019, el matrimonio Meléndez-Rivera instó *Contestación a la Demanda y Reconvención.*[6] En el escrito, negó haber construido una estructura en el terreno de la parte apelante. Asimismo, negó haber llevado a cabo un corte de terreno que hubiese provocado un desprendimiento de terreno o que afectara la integridad estructural de la propiedad en cuestión. A su vez, alegó que la causa de acción en daños incoada por los apelantes prescribió, puesto a que la reclamación debió haberse presentado en o antes del año 2007. De otra parte, en su reconvención, la parte apelada subrayó que, cuando llueve, el deslice de terreno que divide su finca y la de la parte apelante provoca una descarga ilegal de agua la cual generaba

[5] Véase SUMAC, a la Entrada 11.
[6] *Íd.,* a la Entrada 15.

empozamiento, le impide llevar a cabo mejoras en el área del patio y celebrar actividades, en ese espacio. Por último, arguyó que la situación reseñada le ha generados daños emocionales, lo cuales calcula en $30,000 dólares.

En cuanto a Jahdai Energy, en vista de su incomparecencia, mediante *Orden,* del 19 de junio de 2019, notificada al día siguiente, el foro primario le anotó la rebeldía.[7] Pasado un tiempo, y luego de denegada una previa solicitud de relevo de anotación de rebeldía,[8] el 20 de septiembre de 2021, Jahdai Energy presentó una *Moción de Desestimación.*[9] En esa misma fecha, entiéndase, el 20 de septiembre de 2021, tanto el matrimonio Meléndez-Rivera, como la señora Medina Córdova y su esposo, mediante escritos separados, solicitaron que se desestimara la acción del título de manera sumaria.[10] Alegaron, mediante sus respectivos escritos, que, según se desprendía de la prueba presentada a la fecha, la propiedad de la parte apelante no sufría daños estructurales.

Evaluados los antedichos escritos, así como las respectivas oposiciones,[11] el foro primario, mediante *Sentencia Parcial* del 14 de diciembre de 2021,[12] notificada al día siguiente, declaró *Ha Lugar* la moción de desestimación presentada por Jahdai Energy. Sin embargo, en cuanto a las otras dos (2) solicitudes de desestimación, determinó declararlas *No Ha Lugar,* por el momento.

Tras varias instancias procesales, incluyendo, pero no limitándose, a una solicitud de sentencia sumaria presentada por los esposos Meléndez-Rivera,[13] la cual fue declarada sin lugar,[14] mediante *Orden* del 8 de mayo de 2023, el tribunal de instancia manifestó que daría por concluido el descubrimiento de prueba el

---

[7] Véase SUMAC, a la Entrada 19.
[8] *Íd.*, a la Entada 50.
[9] *Íd.*, a la Entrada 100.
[10] *Íd.*, a las Entradas 99 y 101.
[11] *Íd.*, a las Entradas 107-109.
[12] *Íd.*, a la Entrada 114.
[13] *Íd.,* a la Entrada 124.
[14] *Íd.,* a la Entrada 134.

30 de junio de 2023, por lo cual las partes tendrían hasta el 4 de agosto de ese mismo año, para presentar el *Informe de conferencia con antelación al juicio.*[15]

Antes de cumplirse la fecha en la cual el referido foro estableció que daría por concluido el descubrimiento de prueba, el 12 de junio de 2023, la parte apelante presentó una *Moción Informativa,* en la cual indicó que los ingenieros de las partes acordaron que, para poder determinar una solución apropiada para la controversia, era necesario realizar un estudio de suelo.[16] Adujo que, al tener el estudio de suelo a disposición, las partes podrían proponer alternativas para transigir la controversia. Puntualizamos que los trámites procesales, dirigidos a los anteriores fines, perduraron desde junio del año 2023, hasta el mes de octubre de 2024. Entre los aludidos trámites, es menester señalar que, el 1 de octubre de 2024, el foro primario celebró una vista transaccional, en la cual las partes del título no lograron alcanzar un acuerdo.[17] De ahí, mediante *Orden* del 7 de octubre de 2024, el foro primario calendarizó, para celebrarse el 30 de enero de 2025, la *Conferencia con antelación al juicio* y una *segunda* vista transaccional.[18]

Así las cosas, el 11 de diciembre de 2024, los esposos Meléndez-Rivera presentaron una *Solicitud de Sentencia Sumaria.[19]* En su petitorio, adujeron que en el presente caso no había

---

[15] Véase SUMAC, a la Entrada 138.

[16] *Íd.,* a la Entrada 143.

[17] *Íd.,* a la Entrada 185.

[18] *Íd.,* a la Entrada 188.

[19] *Íd.,* a la Entrada 195. Para sustentar su petitorio sumario los esposos Meléndez-Rivera anejaron: (i) Escritura de la finca de la parte apelante; (ii) Contestación de la parte apelante al primer pliego de interrogatorios y requerimiento para la producción de documentos; (iii) Estudio de Título solicitado por los esposos Meléndez-Rivera, con fecha del 1 de mayo de 2019; (iv) Permiso de construcción núm. 06CX6-00000-02183, a favor de los esposos Meléndez-Rivera, con fecha de aprobación del 5 de junio de 2007; (v) Certificaciones de servicios prestados por la Autoridad de Energía Eléctrica y la Autoridad de Acueductos y Alcantarillados, con fecha del 6 de junio de 2019; (vi) Contestaciones de los esposos Meléndez-Rivera al primer pliego de interrogatorios; (vii) Declaración jurada de Ángel Román Mas, perito en hidrología, con fecha del 3 de octubre de 2024; (viii) Resume del perito Carlos J. Sánchez-González; (ix) Declaración jurada del perito Sánchez-González con fecha del 12 de noviembre de 2024, y (x) Misiva del perito Sánchez-González al señor Meléndez Guzmán, con fecha del 29 de septiembre de 2021, la cual indica "Asunto: Escorrentía Pluvial Predio-2 Informe Pericial Ing. Ismael Guadalupe Torres, PE".

controversia en cuanto a que la evidencia presentada hasta la fecha demostraba que no se identificaron daños estructurales ni de otra índole en la finca en cuestión. Acentuaron que los peritajes técnicos presentados ante el tribunal demostraban de manera incontrovertida que el inmueble de la parte apelante permanece intacto y no fue afectado por las obras de construcción de la finca vecina. Asimismo, detallaron que, de las inspecciones oculares realizadas en fecha reciente, en presencia de ambas partes y de sus peritos, tampoco se pudieron encontrar los daños alegados por la parte apelante. En vista de lo expuesto, le solicitaron a foro primario que emitiera una sentencia sumaria en la cual se desestimara la demanda en su totalidad.

En respuesta, mediante escrito intitulado *Réplica a Moción de Desestimación y/o Sentencia Sumaria*, la parte apelante se opuso a que se desestimara sumariamente la acción del título.[20] Esencialmente, arguyó que existían controversias esenciales que impedían que se dictara sentencia sumaria. Ello, particularmente, puesto a que, en el informe de su perito, el Ingeniero Ismael Guadalupe (Ing. Guadalupe), expresó que el volumen de terreno removido en la finca de los esposos Meléndez-Rivera excedía las cantidades permitidas por los reglamentos aplicables.[21] A su vez, acentuó que el aludido perito indicó que los aludidos esposo Meléndez-Rivera venían obligados a establecer medidas de control de erosión y sedimentación como parte del desarrollo del terreno. Así, pues, peticionaron que se declara sin lugar la moción de sentencia sumaria.

Examinados los escritos de las partes, mediante la *Sentencia Parcial* que nos ocupa, emitida el 16 de diciembre de 2024, y notificada al día siguiente, el tribunal *a quo* desestimó la acción del

---

[20] Véase SUMAC, a la Entrada 199.
[21] A su escrito de oposición la parte apelante anejó, únicamente, el Informe Pericial preparado por el Ing. Guadalupe, con fecha del 7 de abril de 2021.

título en cuanto a los esposos Meléndez-Rivera, con perjuicio.[22] El foro primario concluyó que, de toda la prueba pericial presentada, no se desprendía que el terreno en el cual se encuentra el inmueble de la parte apelante sufrió daños. En cuanto a lo alegado por la parte apelante, sobre lo expresado por el Ing. Guadalupe en su informe, el Tribunal aclaró que el perito solo reseñó que era su creencia que los esposos Meléndez-Rivera se excedieron de la cabida permitida en la al realizar una construcción entre los años 2007-2008, por lo que podían ocurrir daños a la propiedad de los apelantes en un futuro. No obstante, lo anterior, el foro sentenciado subrayó que la acción presentada por la parte apelante era por daños a la propiedad y no por violación al reglamento. Por otra parte, acentuó que la parte apelante incumplió con la Regla 36 de Procedimiento Civil,[23] dado a que no se opuso correctamente a la solicitud de la sentencia sumaria. En virtud de lo expuesto, declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por los esposos Meléndez-Rivera.

En desacuerdo, el 23 de diciembre de 2024, la parte apelante instó una *Moción de Reconsideración y Solicitud de Determinación de Hechos Adicionales*,[24] la cual fue declarada *No Ha Lugar* el 8 de enero de 2025.[25]

En desacuerdo, el 16 de enero de 2025, compareció ante nos la parte apelante mediante un recurso de *Apelación* intitulado *Alegato de la parte recurrente,* en el cual alzó los siguientes tres (3) señalamientos de error:

A.  Primer Error

Erró el Honorable Tribunal de Primera Instancia al acoger la moción de solicitud de sentencia sumaria de los codemandados Meléndez Rivera presentada más de un año después de haber concluido el término dispuesto en la Regla 36.2 para presentar dicha moción.

---

[22] Véase SUMAC, a la Entrada 203.
[23] 32 LPRA Ap. V, R. 36.
[24] Véase SUMAC, a la Entrada 204.
[25] *Íd.*, a la Entrada 205.

B. Segundo Error

Erró el Honorable Tribunal de Primera Instancia al acoger una moción de solicitud de sentencia sumaria cuando en el caso hay controversias genuinas de hechos materiales.

C. Tercer Error

Erró el Honorable Tribunal de Primera Instancia al desestimar con [p]erjuicio de manera sumaria los reclamos de los demandantes contra los esposos Ángel Osvaldo Meléndez Guzmán y Carmen Lourdes Rivera Martínez.

Por su parte, el 14 de febrero de 2025, compareció la parte apelada mediante *Alegato en oposición a apelación.* Con el beneficio de la comparecencia de ambas partes procederemos a exponer el derecho aplicable.

II

**A. Recurso de Apelación**

La Regla 52.2 (a) de Procedimiento Civil,[26] dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días, desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[27] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[28]

Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
[…].[29]

No obstante, el término de treinta (30) días, para acudir en alzada, puede quedar interrumpido mediante la presentación

---

[26] 32 LPRA Ap. V, R. 52.2 (a).
[27] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE,* 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[28] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[29] 4 LPRA Ap. XXII-B, R. 13 (A).

oportuna de una moción de reconsideración fundamentada.[30] En tal caso, el curso del término para apelar comienza a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[31] Esto, a pesar de que la moción se haya declarado sin lugar.

De otra parte, precisa señalar que en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar como los tribunales inferiores aplican el derecho a los hechos particulares de cada caso, y si abusaron de su discreción.[32] El foro apelativo no debe pretender administrar ni manejar el trámite regular de los casos ante el foro primario.[33] Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe prevalecer el criterio del juez de instancia.[34] Por ello, se ha establecido que los foros apelativos no deben intervenir con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial.[35]

### A. Sentencia Sumaria

El mecanismo procesal de sentencia sumaria es un remedio discrecional extraordinario que, únicamente, se concederá cuando la evidencia que se presente con la moción establezca con claridad la existencia de un derecho.[36] El propósito este mecanismo procesal es facilitar la solución justa, rápida y económica de los litigios civiles que no presenten controversias genuinas de hechos materiales, razón por la cual no ameritan la celebración de un juicio en su

---

[30] 32 LPRA Ap. V, R. 47.
[31] *Íd.*
[32] *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 707 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior,* 81 DPR 554, 572 (1958).
[33] *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434 (2013).
[34] *Sierra, Secretario del Trabajo v. Tribunal Superior,* supra, a la pág. 572.
[35] *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 210 (2023).
[36] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 911 (1994).

fondo.[37] A esos efectos, "solamente debe ser dictada una sentencia sumaria en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes".[38] Es decir, para que proceda dictar sentencia por la vía sumaria, es imprescindible que, de los documentos que acompañan la solicitud o que obran en el expediente del tribunal, no surja controversia legítima sobre hechos materiales del caso y que, por ende, sólo reste aplicar el derecho.[39] Ahora bien, a los fines de considerar la moción, para que se dicte sentencia sumariamente, se tendrán como ciertos todos los hechos no controvertidos que consten en los documentos y declaraciones juradas ofrecidas por la parte promovente.[40] No obstante, tales documentos deben evaluarse de la forma más favorable para la parte que se opone a la moción.[41]

Particularmente, la Regla 36 de Procedimiento Civil regula todo lo concerniente a las solicitudes de sentencia sumaria. En específico, la Regla 36.2 de Procedimiento Civil dispone que:

> Una parte contra la cual se haya formulado una reclamación podrá, a partir de la fecha en que fue emplazada pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.[42]

Será necesario, además, que la parte que promueva la solicitud de sentencia sumaria cumpla con los requisitos de forma preceptuados en la Regla 36.3 de Procedimiento Civil, a saber:

(1) una exposición breve de las alegaciones de las partes;

(2) los asuntos litigiosos o en controversia;

---

[37] *García Rivera et al. v. Enríquez*, 153 DPR 323, 337 (2001); *Pilot Life Ins. Co. v. Crespo Martínez*, 136 DPR 624, 632 (1994).

[38] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, supra, a las págs. 911-912, citando a *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986) (Cita depurada); *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 279 (1990).

[39] *Nissen Holland v. Genthaller*, 172 DPR 503, 511 (2007).

[40] *H.M.C.A. (P.R.), Inc., etc. v. Contralor*, 133 DPR 945, 957 (1993).

[41] *Íd.*

[42] 32 LPRA Ap. V, R. 36.2.

(3) la causa de acción sobre la cual se solicita la sentencia sumaria;

(4) una relación concisa, organizada y con párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, indicando los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(5) las razones por las cuales se debe dictar sentencia argumentando el derecho aplicable, y

(6) el remedio que debe ser concedido.[43]

De otra parte, en cuanto a la contestación a la Sentencia Sumaria, la Regla 36.3 (b) de Procedimiento Civil dispone que esta deberá ser presentada dentro del término de veinte (20) días, desde su notificación, y deberá contener lo siguiente:

(1) lo indicado en los subincisos (1), (2) y (3) del inciso anterior;

(2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.[44]

Cumplidos los requisitos establecidos para la solicitud de sentencia sumaria y su correspondiente oposición, el inciso (e) de la Regla 36.3 de Procedimiento Civil establece que:

La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el

---

[43] 32 LPRA Ap. V, R. 36.3.
[44] *Íd.*, R. 36.3 (b).

tribunal debe dictar sentencia sumaria a favor de la parte promovente.[45]

No obstante, lo anterior, el solo hecho de no presentar evidencia que controvierta la presentada por la parte promovente no implica que necesariamente proceda la sentencia sumaria.[46] Conforme a lo resuelto el Tribunal Supremo, las partes no puede descansar en las aseveraciones generales, es decir, meras afirmaciones no bastan, sino que, a tenor con la Regla 36.5 de Procedimiento Civil,[47] estarán obligadas a demostrar que tienen evidencia para sustanciar sus alegaciones.[48] Además, como regla general, para derrotar una solicitud de sentencia sumaria, la parte opositora deberá presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente.[49]

Es menester subrayar que nuestro Tribunal Supremo ha indicado que el mecanismo de sentencia sumaria no es el apropiado para resolver casos en los cuales hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial.[50] De la misma manera, también ha razonado que "hay litigios y controversias que por la naturaleza de estos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el Tribunal puede reunir ante sí toda la verdad de los hechos a través de 'affidavits' o deposiciones".[51]

---

[45] 32 LPRA Ap. V, R. 36.3 (e); *García Rivera et al. v. Enríquez*, supra, a la pág. 338; *Roldán Flores v. M. Cuebas,* 199 DPR 664, 676 (2018); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015).

[46] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, supra, a la pág. 913; *García Rivera et al. v. Enríquez*, supra, a la pág. 338; *Consejo Tit. C. Parkside v. MGIC Fin. Corp.*, 128 DPR 538, 549 (1991); *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 281 (1990).

[47] 32 LPRA Ap. V, R. 36.5

[48] *Flores v. Municipio de Caguas*, 114 DPR 521, 525 (1983); *Ramos Pérez v. Univisión*, 178 DPR 200, 215-216 (2010).

[49] *Ramos Pérez v. Univisión,* 178 DPR 200, 215 (2010); *Roldán Flores v. M. Cuebas*, supra, a la pág. 677.

[50] *Elías y otros v. Chenet y otros,* 147 DPR 507, 521 (1999); *Soto v. Hotel Caribe Hilton,* 137 DPR 294, 301 (1994); *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 663 (2017).

[51] *Elías y otros v. Chenet y otros,* supra, a la pág. 521, citando a *García López v. Méndez García*, 88 DPR 363, 380 (1963).

Por otra parte, en cuanto al proceso de revisión de las sentencias sumarias, nuestro Alto Foro ha sido enfático en que el Tribunal de Apelaciones debe: (i) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil[52] y la jurisprudencia le exigen al foro primario; (ii) revisar que, tanto la moción de sentencia sumaria como su oposición, cumplan con los requisitos de forma codificados en la referida Regla 36; (iii) revisar si, en realidad, existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil,[53] de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; y, por último, de encontrar que los hechos materiales realmente están incontrovertidos, (iv) debe proceder a revisar *de novo* si el juzgador de instancia aplicó correctamente el derecho a la controversia.[54]

Ahora bien, la sentencia sumaria no procederá en las instancias que: (i) existan hechos materiales y esenciales controvertidos; (ii) haya alegaciones afirmativas en la demanda que no han sido refutadas; (iii) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (iv) como cuestión de derecho, no proceda.[55] Además, al revisar la determinación del foro primario, respecto a una sentencia sumaria, estamos limitados de dos (2) maneras. *Primero*, solo podemos considerar los documentos que se presentaron ante el foro de primera instancia. Es decir, "las partes no pueden añadir en apelación exhibits, deposiciones o affidávits que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos

---

[52] 32 LPRA Ap. V, R. 36.
[53] *Íd.,* R. 36.4.
[54] *Roldán Flores v. M. Cuebas, et al., supra,* 679; *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 118-119 (2015).
[55] *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 335-336 (2021).

nuevos por primera vez ante el foro apelativo".[56] *Segundo*, solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta.[57] Entiéndase, que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, ya que dicha tarea le corresponde al foro de primera instancia.[58]

### B. Daños y Perjuicios

El Artículo 1802 del Código Civil de Puerto Rico de 1930 le impone el deber a toda persona de no causar daño a otra mediante un acto u omisión culposa o negligente.[59] A su vez, el referido artículo establece la obligación de reparar los daños causados en los que medie culpa o negligencia.[60] Ahora bien, para que surja la responsabilidad civil extracontractual al amparo del Artículo 1802, deben concurrir los siguientes tres (3) elementos: (i) un daño, (ii) una acción u omisión negligente o culposa y, (iii) la correspondiente relación causal entre ambos.[61]

El concepto *culpa* del Artículo 1802 es infinitamente abarcador, tanto como lo suele ser la conducta humana. A esos efectos, la culpa debe evaluarse con amplitud de criterio.[62] La culpa o negligencia se ha definido como la falta del debido cuidado al no anticipar y prever las consecuencias racionales de un acto, o la omisión de un acto, que una persona prudente y razonable habría previsto en las mismas circunstancias.[63] Entiéndase que, para que ocurra responsabilidad, la persona debe de haber omitido prever las

---

[56] *Meléndez González et al. v. M. Cuebas, supra,* a la pág. 114. (Cita depurada).
[57] *Íd.*, a la pág. 115.
[58] *Íd.*; *Vera v. Dr. Bravo*, 161 DPR 308, 335 (2004).
[59] 31 LPRA sec. 5141 (derogado). El Código Civil de Puerto Rico de 1930 fue derogado por el Código Civil de Puerto Rico de 2020 aprobado mediante la Ley Núm. 55 de 1 de junio de 2020, 31 LPRA sec. 5311 *et seq.* Para fines de este caso, se hace referencia únicamente al Código Civil derogado por ser la ley vigente y aplicable a la controversia que nos ocupa.
[60] Art. 1802, Código Civil de 1930, 31 LPRA sec. 5141 (derogado).
[61] *Rivera v. S.L.G. Díaz*, 165 DPR 408, 421 (2005).
[62] *Rivera v. S.L.G. Díaz*, supra, a la pág. 422; *Santini Rivera v. Serv. Air, Inc.*, 137 DPR 1, 8 (1994); *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305, 310 (1970).
[63] *Rivera v. S.L.G. Díaz*, supra, a la pág. 421; *Ramos v. Carlo*, 85 DPR 353, 358 (1962).

consecuencias de determinada acción o inacción.[64] Por su parte, el daño es "todo menoscabo material o moral causado contraviniendo una norma jurídica, que sufre una persona y del cual haya de responder otra".[65]

Es menester enfatizar que, en nuestro ordenamiento jurídico, la relación causal que debe existir entre la acción u omisión culposa o negligente y el daño se rige por la doctrina de la causalidad adecuada, la cual propone que "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general".[66] Ello, implica que la ocurrencia del daño debe ser previsible dentro del curso normal de los acontecimientos.[67] Consecuentemente, recae sobre la parte que solicita ser indemnizada el deber de establecer, mediante preponderancia de la prueba, todos los elementos de la causa de acción por daños y perjuicios.[68]

## C. La Desestimación con perjuicio

La desestimación es uno de los medios que el Tribunal tiene para dar por concluido un proceso sin dirimir el caso en sus méritos. A esos efectos, la Regla 39.2 (c) de Procedimiento Civil dispone que:

> "[d]espués que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en **que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno**.[69]

Es menester acentuar que, a menos que el tribunal lo disponga de otra forma, una desestimación bajo la referida Regla 39.2 tiene el efecto de una adjudicación en los méritos, es decir, con perjuicio.[70] Cuando la desestimación se decreta con perjuicio, se

---

[64] *Montalvo v. Cruz,* 144 DPR 748, 756 (1998).
[65] *López v. Porrata Doria,* 169 DPR 135, 151 (2006).
[66] *Colón, Ramírez v. Televicentro de P.R.*, 175 DPR 690, 707 (2009).
[67] *López v. Porrata Doria,* supra, a la pág. 152.
[68] *SLG Colón-Rivas v. ELA,* 196 DPR 855, 864 (2016).
[69] 32 LPRA Ap. V, R. 39.2. (Énfasis nuestro).
[70] *Íd.*; *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 267 (2021).

considerará una adjudicación terminante, de manera que no se podrá presentar una demanda sobre la misma controversia por aplicar la doctrina de cosa juzgada.[71]

No obstante, lo anterior, puesto a que nuestro ordenamiento jurídico se ha desarrollado una política pública a favor de que los casos de ventilen en sus méritos, el juzgador de instancia conserva la discreción para determinar que la desestimación será sin perjuicio. De este modo, se posibilita una posterior presentación de la misma reclamación.[72]

Ahora bien, a menos que no se demuestre que el foro primario incurrió en un abuso de discreción, los tribunales apelativos no debemos intervenir con la determinación del aludido foro de hacer la desestimación una con o sin perjuicio.[73]

III

En el recurso apelativo ante nos, la parte apelante nos invita a concluir que el foro de instancia incidió al haber: (i) acogido una solicitud de sentencia sumaria luego de que hubiese concluido el descubrimiento de prueba; (ii) concedido el remedio solicitado por el matrimonio Meléndez-Rivera para que se desestimara la causa de acción en su contra por la vía sumaria y (iii) desestimado la causa de acción con perjuicio en relación con el matrimonio Meléndez-Rivera.

Puesto a que en el recurso ante nuestra consideración se nos requiere revisar una *Sentencia parcial* emitida en virtud de una solicitud de sentencia sumaria, nos dispusimos a revisar *de novo* la moción de sentencia sumaria presentada por la parte apelante, así como su correspondiente oposición, conforme nos requiere el ordenamiento jurídico vigente. Para poder llevar a cabo el aludido análisis, nos fue forzoso revisar detenidamente los autos del

---

[71] *Díaz Maldonado v. Lacot,* 123 DPR 261, 274–275 (1941).
[72] *VS PR, LLC v. Drift-Wind,* supra, a las págs. 264 y 267.
[73] *Íd.,* a la pág. 275.

presente caso en el expediente electrónico disponible a través del SUMAC, puesto a que, como acentuamos anteriormente, y sin ánimos de ser reiterativos, la parte apelante incumplió con el Reglamento de este Tribunal de Apelaciones, dado a que omitió incluir en el apéndice una serie de documentos esenciales para disponer del presente recurso, incluyendo la solicitud de sentencia sumaria sobre la cual nos solicita revisión. La gestión antes expresada fue realizada aun cuando la parte apelada incluyó en su comparecencia algunos documentos omitidos por la parte apelante.

Antes de entrar en los méritos de los errores esgrimidos por la parte apelante, puntualizamos que, tras revisar los autos del presente caso, así como el derecho aplicable, se desprende que la parte apelada cumplió a cabalidad con los requisitos de forma de la Regla 36.2 de Procedimiento Civil al incoar su solicitud de sentencia sumaria.[74] Ahora bien, de un examen de la oposición a la solicitud de sentencia sumaria presentada por la parte apelante, la cual intituló *Réplica a moción de desestimación y/o Sentencia Sumaria,* se desprende que la aludida parte incumplió con los requisitos establecidos en la Regla 36.3 (b) de Procedimiento Civil para quien contesta una solicitud de sentencia sumaria.[75] Ello, puesto a que, en su escrito, se limitó a enumerar una serie de argumentaciones en respuesta a lo planteado por la parte apelada en su solicitud de sentencia sumaria, las cuales apoyó en lo expresado por su perito, el Ing. Guadalupe, en su Informe. Al entender de este Panel, lo anterior, no es suficiente para cumplir con la referida Regla 36.3 (b), más aún cuando la parte apelante no esbozó en su escrito: (i) una relación breve de las alegaciones de las partes; (ii) los asuntos litigiosos o en controversias, ni (iii) enumeró los hechos que estaban y los que no estaban en controversia, como tampoco, indicó la

---

[74] 32 LPRA Ap. V, R. 36.2.
[75] *Íd.,* R. 36.3 (b).

prueba específica que los apoyaba.[76] Establecido lo anterior, procedemos a discutir los méritos de los tres (3) errores esgrimidos por la parte apelante.

La parte apelante plantea como primer error que el tribunal *a quo* incidió en acoger la moción de sentencia sumaria presentada por la parte apelante, luego de cumplido el término dispuesto por la Regla 36.2 de Procedimiento Civil.[77] La referida regla establece que una parte contra la cual se haya formulado una reclamación podrá, a partir de la fecha en que fue emplazada, pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, presentar una solicitud de sentencia sumaria. Ahora bien, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[78] A esos efectos, los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto a que el foro primario es el que mejor conoce las particularidades del caso.[79]

En este caso, pese a que el juzgador de instancia dispuso que daría por cumplido el descubrimiento de prueba, el 30 de junio de 2023, empero, antes de llegado ese día, la parte apelante presentó una *Moción Informativa*, en la cual indicó que para las partes poder determinar una solución apropiada para la controversia, la cual podría ser la transacción del caso, era necesario realizar un estudio de suelo. A tenor, el tribunal *a quo* concedió término para que se llevase a cabo lo solicitado. Ahora bien, ante diversos contratiempos suscitados por ambas partes, los trámites procesales, dirigidos a los anteriores fines, perduraron desde junio del año 2023, hasta el mes de octubre de 2024. En consecuencia, justipreciamos que, en este

---

[76] *Íd.*
[77] *Íd.,* R. 36. 2.
[78] *BPPR v. SLG Gómez-López,* 213 DPR 333-334 (2023).
[79] *Íd. Mejías v. Carrasquillo,* 185 DPR 288, 306-307 (2012).

caso particular, no constituyó un abuso de discreción acoger la solicitud de sentencia sumaria que nos ocupa, a pesar de haber transcurrido más de treinta (30) días desde cumplida la fecha en la cual se dispuso que concluiría el descubrimiento de prueba. Ello, puesto a que, propiamente, el descubrimiento de prueba no concluyó en la fecha fijada por el Tribunal, dado a que continuaron las gestiones para descubrir prueba a los fines de intentar lograr una transacción en el caso. Abona a lo anterior que, luego de que el tribunal dispuso que el descubrimiento de prueba debía concluir el 30 de junio de 2024, no emitió, en esa fecha, una orden dando por concluido el descubrimiento. Por lo expuesto, coincidimos en que el primer error esgrimido no fue cometido por el foro primario.

En su segundo error, el apelante plantea que el tribunal *a quo* falló al declarar *Ha Luga*r la solicitud de sentencia sumaria que nos ocupa, puesto a que existían controversias de hechos materiales. Tras evaluar con detenimiento los autos de este caso, surge diáfanamente que, de la prueba presentada hasta la fecha en la cual se presentó la solicitud de sentencia sumaria ante nuestra consideración, no existe controversia en cuanto a que la finca objeto de este caso no ha sufrido daños estructurales a consecuencia del corte de terreno, presuntamente, realizado por la parte apelada. Lo anterior, fue evidenciado mediante los informes del Ing. Guadalupe y el del Ing. Ángel Rodríguez. Particularmente, en el Informe del Ing. Guadalupe, se indica que: "[l]uego de evaluar los resultados de la inspección ocular a la estructura del Demandante, al momento de la visita realizada el 22 de octubre de 2020, **no se identificaron condiciones que representen un daño asociado a la existencia de un corte de terreno (talud)"**.[80] Por su parte, el Ing. Ángel Rodríguez expresó en su informe: "[e]n nuestra visita de campo, en

---

[80] Informe Pericial del Ing. Guadalupe, con fecha del 7 de abril de 2021, a la pág. 15, en la Entrada 199 del SUMAC. (Énfasis nuestro).

la cual tuvimos acceso a la vivienda del demandante, **no se observó evidencia de daños en la estructura**".[81]

En su alegato, la parte apelante explica que su señalamiento de error se basa en que los antedichos ingenieros "nunca fueron depuesto[s], nunca testificaron en vista evidenciaria y nunca fueron contra interrogados".[82] Precisa señalar que los aludidos mecanismos procesales se hacen innecesarios ante una solicitud de sentencia sumaria. Sabido es que el propósito de la sentencia sumaria es facilitar la solución rápida de los litigios civiles que no presenten controversias genuinas de hechos materiales, de forma que no ameritan la celebración de un juicio en su fondo.[83] Así, pues, la Regla 36.3 (b) de Procedimiento Civil es clara en que, quien interese demostrar que hay controversia sobre los hechos propuestos por la parte que promovió la solicitud de sentencia sumaria, debe esbozar en su contestación:

> una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal.[84]

Según adelantamos, la parte apelante no cumplió con el anterior requerimiento. Enfatizamos, además, que este incumplimiento fue igualmente reseñado por el tribunal *a quo* en la *Sentencia Parcial* que nos ocupa.[85] Por otra parte, huelga destacar que, el único documento que la parte apelante anejó a su contestación a la sentencia sumaria, entiéndase, el Informe del Ing. Guadalupe, en nada controvierte el hecho de que la propiedad en cuestión no sufrió daños estructurales a consecuencia del corte de

---

[81] Informe Pericial del Ing. Ángel Guadalupe, con fecha del 1 de mayo de 2021, a la pág. 14, en la Entrada 86 del SUMAC. (Énfasis nuestro).
[82] Alegato de apelante, intitulado *Alegato de la parte recurrente*, a la pág. 13.
[83] *García Rivera et al. v. Enríquez*, supra, a la pág. 337; *Pilot Life Ins. Co. v. Crespo Martínez*, supra, a la pág. 632.
[84] 32 LPRA Ap. V, R. 36.3 (b).
[85] Véase SUMAC, a la Entrada 203.

terreno realizado por la parte apelante; al contrario, el Informe afirma la inexistencia de daños.

En su réplica a la solicitud de sentencia sumaria, el apelante apoyó su argumento, de que aún existía controversia en cuanto a que su propiedad sufrió daños a consecuencia de la parte apelada, en que el Ing. Guadalupe expresó en su Informe que ambos demandados, al remover el terreno en cuestión, se excedieron del volumen permitido por el Reglamento para el Control de la Erosión y Prevención de Sedimentación.[86] Ahora bien, según expresó el tribunal apelado, las alegaciones en este caso nada tienen que ver con el incumplimiento del señalado reglamento. De otra parte, aunque es cierto que el Ing. Guadalupe recomendó en su informe establecer métodos de control dirigidos a prevenir, en el futuro, la erosión y sedimentación del terreno de la parte apelante,[87] según reseñamos en nuestra previa exposición doctrinal, para que surja responsabilidad civil extracontractual es necesario que concurran tres (3) elementos: (i) un daño; (ii) una acción u omisión negligente o culposa; y (iii) la correspondiente relación causal entre ambos.[88] En consecuencia, no es posible que unos presuntos daños futuros sean suficientes para cumplir con el estándar establecido para que una persona incurra en responsabilidad civil extracontractual. Por todo lo antes subrayado, coincidimos en que el segundo error esgrimido por la parte apelante no fue cometido.

Finalmente, en su tercer señalamiento de error la parte apelante arguye que el foro primario erró al desestimar la acción del título, en cuanto a la parte apelante, con perjuicio. Puntualizamos que cuando una parte solicita la desestimación de un pleito basada en que, bajo los hechos probados al momento, el demandante no

---

[86] Informe Pericial del Ing. Guadalupe, *supra*, a la pág. 14. Reglamento Núm. 5754 del 12 de febrero de 1998.
[87] Informe Pericial del Ing. Guadalupe, *supra*, a la pág. 16.
[88] *Rivera v. S.L.G. Díaz*, supra, a la pág. 421.

tiene derecho a la concesión de remedio alguno, y el tribunal opta por desestimar, de ordinario, la desestimación decretada tendrá el efecto de una adjudicación en los méritos, es decir, con perjuicio.[89] Aunque, en estos casos, el juzgador de instancia se reserva la facultad de desestimar la acción sin perjuicio, este tipo de desestimación, únicamente, se decretará cuando es posible una posterior presentación de la misma reclamación.[90] En el caso marras, dado a que se evidenció que el terreno de la parte apelante no ha sufrido daños a consecuencia del corte de terreno realizado por la parte apelada, era incensario que el foro primario decretara una desestimación sin perjuicio. A esos efectos, concluimos que el referido foro no incurrió en un abuso de discreción al desestimar el caso con perjuicio, por lo cual, el tercer error señalado por la parte apelante tampoco se cometió.

En virtud de todo lo antes esbozado, reiteramos que ninguno de los tres (3) errores esgrimidos por el apelante fueron cometidos, de manera que nos es forzoso confirmar el dictamen apelado

IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[89] 32 LPRA Ap. V, R. 39.2; *VS PR, LLC v. Drift-Wind,* supra, a la pág. 267.
[90] *VS PR, LLC v. Drift-Wind,* supra, a las págs. 264 y 267.